IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Mr. Dipak Rayamajhi<br>89-14-34th Street<br>Apt. 5<br>Jackson Heights, NY 11372<br><br>**Plaintiff**<br><br>v.<br><br>Polo Club, LLC<br>(T/A Ananda)<br>7421 Maple Lawn Road<br>Fulton, Maryland 20759<br><br>Mr. Bhupinder Singh<br>(aka "Binda Singh")<br>106 Midhurst Road<br>Baltimore, Maryland 21212<br><br>**Defendants** | * * * * * * * * * * * | Case No. _____<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff, Mr. Dipak Rayamajhi, through undersigned counsel, states a complaint against Defendants Polo Club, LLC (t/a "Ananda Restaurant") and Mr. Bhupinder Singh ("Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

### Introduction

1.  This is a civil action for unpaid overtime wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., Lab. & Empl. 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. 3-501 *et seq.*

2. Plaintiff seeks, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6. Defendant Polo Club, LLC, a limited liability corporation formed in the State of Maryland, owns and operates the Ananda Restaurant in Fulton, Maryland.

7. At all times material herein, Polo Club, LLC had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. At all times material herein, Defendant, Polo Club, LLC, has employed at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendants who unload food and beverage from producers and suppliers who operate in interstate commerce. There are employees who cook, serve, and otherwise handle this food, as

well as the beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, who also regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments. There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiff was employed by Defendant Polo Club, LLC, a covered entity, satisfying the enterprise coverage provisions under the FLSA. Defendant Polo Club, LLC also satisfies the coverage provisions of the MWHL. As a covered enterprise, Polo Club, LLC has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

9.  Defendant Mr. Bhupinder Singh is, upon information and belief, an officer and owner of Defendant Polo Club, LLC. Defendant Singh is and has been, at all times material herein, actively engaged in the management and direction of employees, including the Plaintiff, at Ananda Restaurant, including the operation of the restaurant and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Ananda Restaurant, including the Plaintiffs, and has possessed and exercised authority to hire and fire employees, at all material times since the opening of the restaurant. Defendant Singh has custody and control of business records and is responsible for maintaining those records. Defendant Singh receives income and/or salary from Defendant Polo Club, LLC. At all times material herein, Defendant Singh has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendant Singh is jointly and individually liable for damages to the Plaintiff, under the FLSA, MWHL, and

MWPCL.

10. Plaintiff Dipak Rayamajhi worked for the Defendants as a food runner within the last three years preceding the filing of this Complaint (September 1, 2016 to April 9, 2017).

11. Plaintiff worked six days a week. During the week (*Tuesday, Wednesday, Thursday*), Plaintiff Dipak Rayamajhi worked from 10:30 am and until 11:00 pm. During weekends (*Friday, Saturday, and Sunday*), Plaintiff Dipak Rayamajhi would work from 10:30 am until 11:30 am. From 3:00 pm to 4:00 pm, Plaintiff would have a break from work. Plaintiff thus worked 70.5 hours each week.

12. Plaintiff was promised a payment of $2,000.00 monthly in cash for his services.

13. Plaintiff was not paid according to this promise. There remains $400.00 due and owing from March and $600.00 due and owing from work performed in April.

14. By paying only $2,000.00 per month for Plaintiff's services (or even less), Defendants did not pay the Plaintiff the statutory minimum wage. Additionally, Plaintiff received no overtime wages.

15. By failing to pay the statutory minimum and overtime wages due to Plaintiff, Defendants willfully violated very clear and well-established overtime wage provisions of the FLSA and MWHL. In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, and three times the minimum wages and overtime wages owed under the MWHL pursuant to the MWPCL, as well as attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

### General Allegations

16. As stated above and incorporated herein by reference, Plaintiff has been employed by

the Defendants within the three years preceding the filing of this lawsuit.

17. Plaintiff performed hourly manual work and was non-exempt from the overtime and minimum wage provisions of the FLSA and MWHL.

18. Defendants violated the MWPCL by failing to Plaintiff all monies promised for his services.

19. In addition, Defendants violated the FLSA, the MWHL, and MWPCL insofar as they failed to properly pay Plaintiff overtime when each such employee worked over forty hours per week, in the amount of 1 ½ times their respective regular rates of pay (as calculated in accordance with U.S. Department of Labor regulations), for overtime hours worked in excess of forty (40) hours per week.

## Causes of Action

### COUNT I
### (FLSA - Failure to Pay Minimum Wage)

20. Plaintiff incorporate paragraphs 1-19 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants have at all material times failed to pay Plaintiff an amount equal to or exceeding the proper minimum wage rate, free and clear of deductions and in a timely manner.

21. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

### COUNT II
### (FLSA - Failure to Properly Pay Overtime)

22. Plaintiff incorporate paragraphs 1-21, including subparagraphs, as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiff an overtime wage

of at least 1 ½ times the applicable minimum wage of $7.25/hour, for certain statutory work weeks, and as a result, Plaintiff has failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
### (Maryland Wage/Hour Law - Failure to Pay Minimum Wage)

23. Plaintiff incorporate paragraphs 1-22 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendants have at all material times failed to pay Plaintiff a proper minimum wage rate, free and clear and in a timely manner.

24. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT IV
### (Violation of MWPCL Act – Unpaid Wages)

25. Plaintiff incorporate paragraphs 1-24 as set forth above, and state that the actions of Defendants, in refusing to pay wages free and clear that are due without coercion and intimidation, is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

26. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wage and overtime as applicable under the MWHL.

27. That impliedly, by operation of law, Plaintiff was entitled to be paid statutory minimum wages and overtime wages by Defendants under the MWHL, which have not been paid following the cessation of Plaintiff's term of employment.

28. That there are no bona fide disputes between the parties as to the right of the Plaintiff to be paid all lawful wages due arising from his employment. Defendants know, or should know,

that they are covered entities under the MWHL, and that Plaintiff performed work as an employee for which he was not properly compensated.

29. Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages and overtime wages that have gone unpaid.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiff all unpaid minimum wages and overtime wages payments determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime wage payments awarded to Plaintiff pursuant to the FLSA;

(b) Order Defendants to pay the Plaintiff an amount equal to triple the amount of unpaid minimum wages and overtime wages owed to the Plaintiff, as Plaintiff is entitled to such damages under MWPCL;

(c) Award Plaintiff his attorneys' fees and costs in pursuing this action;

(d) Award Plaintiff interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiffs

## Jury Demand

The Plaintiff, by his attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman