IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DIPAK RAYAMAJHI, | * |
| Plaintiff | * |
| v. | * Civil Action No. 1:17-cv-01777-JFM |
| POLO CLUB, LLC, *et al.*, | * |
| Defendants | * |

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Dipak Rayamajhi ("Plaintiff") and Defendants, Polo Club, LLC and Bhupinder Singh (a/k/a Binda Singh) ("Defendants"), respectfully request that the Court approve a settlement agreement that they have reached concerning Plaintiff's lawsuit under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201, *et seq.* and Maryland Wage Hour Law.  The Parties seek the Court's approval of the agreement because claims under the FLSA, like those released by Plaintiff in the Confidential Settlement Agreement and General Release between the parties ("Agreement"), may not be waived or released without U.S. Department of Labor or Court approval. *See* 29 U.S.C. § 216(c); *see also Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005) vacated on other grounds 493 F.3d 454 (4th Cir. 2007) ("Again, the Supreme Court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee. Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court."); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010). The Parties further aver that:

1.      On June 29, 2017, Plaintiff Dipak Rayamajhi, a former employee of Defendant, filed a Complaint in the United States District Court for the District of Maryland seeking relief and recovery against Defendant for purported violations of the Fair Labor Standards Act (FLSA), Maryland Wage and Hour Law (MWHL), and the Maryland Wage Payment and Collection Law (MWPCL). The basis of the Complaint is that during the relevant employment period, Plaintiff did not receive minimum wage and/or overtime pay for certain hours allegedly worked each week.

2.      Rayamajhi worked for Defendants as a food runner for the period September 1, 2016 – April 9, 2017. He was paid a specific monthly sum for his services.

3.      Rayamajhi claims that he regularly worked 70.5 hours per week and was not paid minimum wage and/or overtime for all hours worked.

4.      Defendants assert that Rayamajhi worked less than 40 hours/week and was paid for all hours worked except for one week in April 2017. Defendants further assert that they did not believe their pay practices were inconsistent with the FLSA, the MWHL, or the MWPCL.

5.      However, the parties wish to avoid the cost, uncertainty, and demands associated with litigating this case fully, and they have elected to resolve the case by way of a negotiated compromise.

6.      The Parties' proposed Settlement Agreement is attached hereto as Exhibit 1.

7.      Prior to reaching this Settlement Agreement, Counsel for Plaintiff and Defendants underwent settlement discussions. The Parties exchanged correspondence, documents, emails and telephone calls regarding the nature and extent of Plaintiff's

claims. Included in these communications were detailed calculations of each parties' respective position. Plaintiff's counsel retained Elana Schulman, CPA/CFE, to perform calculations of Plaintiff's alleged damages, and concluded that Plaintiff was owed a maximum of $19,629.38 for minimum wage and overtime damages, including liquidated damages but excluding attorneys' fees and costs. (Exhibit 2; Hoffman Decl. ¶ 17).

8. As set forth in the Settlement Agreement, the Parties agreed to a total gross settlement of $19,740.24. Of that settlement amount, $7,120.12 will be paid to Rayamajhi for minimum wage and overtime (i.e., his unpaid wages), less withholding; $7,120.12 will be paid to Rayamajhi for liquidated damages; $5,500.00 will be paid to Rayamajhi's counsel for attorney's fees and costs. There is no contingency fee (or other fee) being charged or collected in this case, and Plaintiff's counsel submits his time and expense records for the Court's review. (Exhibit 2; Hoffman Decl ¶ 16).

9. Based on the information and documents exchanged between the Parties in conjunction with considering Plaintiff's demand, the Parties believe that the agreed settlement amount is fair and reasonable and constitutes a fair compromise of the claim.

10. The attorney's fees were negotiated separately and secondarily from the amount owed to Mr. Rayamajhi as minimum wage and overtime wages.[1] (Exhibit 2; Hoffman Decl. ¶ 18). The amount of the settlement allocated to attorney's fees and costs

---

[1] If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiff, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court should approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *3 (D. Md. Nov. 4, 2011); *see also Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

3

is based on total hours expended by Plaintiff's Counsel on the matter. Plaintiff's Counsel, Mr. Hoffman, has expended 14.7 hours on the matter. (Exhibit 2; Hoffman Decl. ¶ 4). His hourly rate is $400/hour. *Id.* Based on the hourly rate and hours expended by Rayamajhi's counsel, the attorney's fees total $5,880.00. *Id.* Additionally, Plaintiff's Counsel incurred $925.00 in expenses and costs in this case, which include the filing fee, service of process, and the services of Elana Schulman, CPA/CFE. Plaintiff's Counsel's total fees and costs to date are therefore $6,805.00. Accordingly, the agreed upon fee amount of $5,500.00, which is $1,305.00 less than Rayamajhi's counsel's total fees and costs, is reasonable. The Parties stipulate and agree that Plaintiff's Counsel's billing rate and total amount of fees are in accordance with the Local Rules.

11. The Fourth Circuit Court of Appeals has followed the guidelines for approval of an FLSA settlement set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); *see e.g. Lomascolo v. Parsons Brinckerhoff, Inc., et al.*, 2009 WL 3094955, at *8 (E.D. Va. Sept. 18, 2009); *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999).

12. An FLSA claim can be waived or settled in only two instances, *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945): (i) first, where the Secretary of Labor supervises the payment of back wages, and (ii) second, where the employer and employee(s) present the proposed settlement to the trial court for approval. 29 U.S.C. 216(c); *Lynn's Food Stores*, 679 F.2d at 1354. In this instance, the Parties seek this Court's approval of their Agreement. When reviewing a proposed settlement of an FLSA claim, the Court must "scrutinize the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA

provisions." *Id.* at 1353, 1355. Four factors should be examined to determine whether a proposed settlement is fair and reasonable: (i) Was the settlement achieved in an adversarial context? (ii) Were the [p]laintiffs represented by attorneys who can protect their rights? (iii) Does the settlement reflect a reasonable compromise over issues that are actually in dispute? (iv) Is the Settlement fair? *Id.* at 1354.

13. With regard to these factors, it is significant to note the following: (i) this matter was settled as a result of an adversarial proceeding (this lawsuit) and an exchange of information and documentation and settlement negotiations which transpired between the Parties' counsel, with the Parties' knowledge and participation; (ii) the Parties settled this matter only after significant negotiation, information exchange and a review of governing statutes and case precedent; (iii) throughout this litigation, Plaintiff was represented by Counsel who adequately protected his rights; (iv) the settlement reflects reasonable compromises regarding *bona fide* disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA; (v) the Parties agree that the settlement is fair, just and adequate to settle Plaintiff's claims.

14. The Court should also take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable" after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (quoting *Parker v. Anderson,* 667 F.2d 1204, 1210 n.6 (5th Cir. 1982)) (citing *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 455 (2d Cir. 1974)).

15. The endorsement of the settlement by counsel for the parties is a "factor [that] weighs in favor of approval." *Quantilla*, 208 WL 9410399, at *5. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.* at *5 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, the Parties settled according to specific calculations that assumed a lower number of hours alleged by Plaintiff but a higher number of hours alleged by Defendants. So, there was a clear compromise. Plaintiff's Counsel is fully aware of the factual contentions of the Plaintiff client and is in the best position to opine as to whether this settlement produces fair results after consideration of risks. This is particularly true given the added fact that Plaintiff's Counsel utilized the services of a forensic accountant (Elana Schulman, CPA/CFE) to calculate potential unpaid minimum wage and/or overtime and spreadsheets were prepared based on the evidence available to the Plaintiff. *See Stephens v. Mac Business Solutions*, CBD 15-3057, 2016 WL 3977473, *2 n.2 (D. Md. July 25, 2016) (finding a fair and reasonable FLSA settlement based upon wage calculations prepared by Elana Schulman, CPA/CFE).

16. Consistent with the language in the Settlement Agreement, Plaintiff represents and agrees that the settlement payments reflect a fair compromise of all of Plaintiff's claims, which are disputed by Defendants, for allegedly unpaid minimum wage and overtime.

WHEREFORE, for the forgoing reasons, the Parties respectfully request that this Honorable Court enter the accompanying Order, thereby approving the terms of the Parties' Settlement Agreement, and dismissing this action with prejudice. Counsel for

Plaintiff has authorized Defendants' Counsel to file this Joint Motion and Proposed Order.

Respectfully submitted,

/s/ (signed with permission)
Mark J. Swerdlin (Bar No. 04927)
Shawe & Rosenthal, LLP
One South Street, Suite 1800
Baltimore, Maryland 21202
Telephone: (410) 752-1040
swerdlin@shawe.com
*Counsel for Defendants*

/s/
Howard B. Hoffman (Bar No. 25965)
Howard B. Hoffman, Esq.
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
HHoffman@hoholaw.com
*Counsel for Plaintiff*

September 27, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2017, a copy of the foregoing Memorandum of Law in Support of Joint Motion for Approval of Settlement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.