EXHIBIT

*1*

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and Release is entered into by and between Dipak Rayamajhi ("Rayamajhi"), and Bhupinder Singh (a/k/a Binda Singh) , the Polo Club, LLC, t/a Ananda, its successors, assigns, parents, subsidiaries, divisions, affiliates, officers, directors, employees, insurers and reinsurers, attorneys, agents and representatives (collectively referred to as "the Company").

WHEREAS, a dispute has arisen between Rayamajhi and the Company (also referred to herein as "the Parties") regarding Rayamajhi's employment with the Company; and

WHEREAS, Rayamajhi filed a lawsuit against the Company in the U. S. District Court for the District of Maryland (Civil Action No. 1:17-cv-01777-JFM), alleging violations of the Fair Labor Standards Act, Maryland Wage and Hour Law, and Maryland Wage Payment and Collection Law; and

WHEREAS, the Company contends that Rayamajhi's claims are without merit and expressly denies any liability with respect to the claims and allegations advanced by Rayamajhi, but the Parties wish to enter into a settlement of any and all possible claims solely for the purpose of avoiding the time and expense of further litigation.

NOW, THEREFORE, in consideration of the mutual agreements contained herein and for other good cause and valuable consideration, the Parties agree as follows:

1.      Settlement Payment.  The Company agrees to pay the sum of Nineteen Thousand Seven Hundred Forty Dollars and Twenty-Four Cents ($19,740.24) in full and final settlement of Rayamajhi's claims against the Company.  Said payment shall be

transmitted to Rayamajhi's counsel, Howard B. Hoffman, Esq., within five (5) days of the expiration of the seven-day revocation period referenced in Paragraph 11 below so long as Rayamajhi has not exercised his right of revocation. Settlement funds shall be held in the escrow account of the law offices of Howard B. Hoffman pending approval of settlement by the United States District Court for the District of Maryland. In the event the settlement is not approved by the Court, the settlement funds shall be returned to the Company.

The Company shall provide the consideration identified in this paragraph 1 by three checks:

      (i)     One check made payable to Dipak Rayamajhi in the gross amount of $7,120.12, less normal government withholdings, representing unpaid wages;

      (ii)     One check made payable to Dipak Rayamajhi in the amount of $7,120.12, with no withholdings, representing liquidated and statutory damages; and

      (iii)     One check made payable to Howard B. Hoffman, Esq., in the amount of $5,500.00, representing attorneys' fees and costs.

This Payment shall be the full and final settlement of all claims arising from Rayamajhi's claims against the Company. It is agreed that this Payment is inclusive of any claim for attorneys' fees and costs, including court costs, and that the Company owes no further monetary amount to Rayamajhi or any person or entity acting on his behalf.

The portion representing wages shall be paid net of all applicable employment taxes, including Federal, state and local income tax withholding and employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and Rayamajhi under the Rayamajhi's name and taxpayer identification number on an IRS Form W-2. The portion treated as liquidated damages and interest shall be paid without

any withholding and shall be reported to the IRS and Rayamajhi under the Rayamajhi's name and tax payer identification number on an IRS Form 1099, box 3. Attorneys' fees and costs paid pursuant to this Settlement Agreement shall be paid without withholding and shall be reported to the IRS under Howard B. Hoffman, Attorney at Law's Federal Employer Identification Number, on an IRS Form 1099, box 14, for the year in which it was paid.

So that the Defendants may issue IRS Forms W-2 and 1099 for 2017 reflecting all payments made pursuant to this Confidential Settlement Agreement and Release, both Howard B. Hoffman, Esquire and Rayamajhi shall provide the Company's counsel, at the time that Rayamajhi executes this Settlement Agreement, an executed IRS Form W-4 and IRS Form W-9 setting forth their respective taxpayer identification numbers.

The Company shall be responsible for timely reporting to all proper tax authorities all payments made pursuant to this Confidential Settlement Agreement and Release, and timely remitting to all proper tax authorities all payroll taxes and withholdings deducted pursuant to this Confidential Settlement Agreement and Release, including employer portion of payroll taxes on W-2 wages (it being the intent of the Parties and this Confidential Settlement Agreement and Release that all payroll taxes deducted from Rayamajhi's unpaid wages shall be paid and remitted to tax authorities, as required by law), and shall timely provide Rayamajhi's an IRS Form W-2 and IRS Form 1099 representing Rayamajhi's respective payments and proof of same shall be provided to Rayamajhi's' counsel upon reasonable notice.

2.     <u>Tax Liability</u>.   Rayamajhi agrees to indemnify the Company against any claim made by any person(s) or governmental entity for income taxes and/or social security taxes, interest or penalties, owing or determined to be owed by Rayamajhi as a result of the payment to him under this Agreement.  Further, Rayamajhi and his counsel understand that the Company and its attorneys make no warranty concerning the treatment of sums paid hereunder under said tax laws and agree that they have not relied upon any such warranty.

3.     <u>No Further Relief</u>.  Rayamajhi understands and agrees that other than the sum identified in Paragraph 1 herein, the Company owes Rayamajhi no further monetary amount for the claims and allegations advanced by Rayamajhi, including any payment on his behalf to counsel who represented him, or any other person acting on his behalf.

4.     <u>Release and Waiver by Rayamajhi.</u>   In consideration of the foregoing payment, Rayamajhi hereby releases and discharges the Company  forever from each and every right, claim, debt, and cause of action whatsoever, known and unknown, foreseen and unforeseen, against the Company, which Rayamajhi has or may have upon or by reason of any matter, cause or thing whatsoever at any time, past, or present from the beginning of the world until the date of this Settlement Agreement, including but not limited to, any matter, thing or cause arising from or in any way related to the above-referenced circumstances.  This is a General Release.  This release includes, but is not limited to, all actions including legal actions under the Americans With Disabilities Act as amended by the Americans with Disabilities Act Amendments Act, the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C.

4

§ 1981, the Age Discrimination in Employment Act, the Civil Rights Act of 1866, the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), the Employee Retirement Income Security Act of 1974 (ERISA), the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Maryland Employment Anti-Discrimination Law (Md. Code Ann., State Gov't § 20), the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, §§3-401, *et seq.* and the Maryland Wage Payment and Collection Law, Md. Ann. Code, Labor & Employment §§3-501, *et seq,* all actions alleging breach of contract or tort, including wrongful discharge, civil or criminal assault and/or battery, intentional infliction of emotional distress, or any other state, federal, or local law concerning any other form of discrimination or retaliation, or any other law or regulation, known or unknown to him at the time of the execution of this Agreement, including entitlement to any attorneys' fees and other costs, and any claims for punitive, compensatory and/or retaliatory damages; claims for back or front pay, fringe benefits, breach of contract, or any other administrative, tort, or civil claims not specified herein, saving and excepting, however, any and all obligations of or claims against the Company arising by virtue of the terms and conditions of this Agreement.

Notwithstanding the general release above, Rayamajhi does not waive any rights or claims that may arise after his execution of this Agreement, claims that may arise as a result of this Agreement, or claims that may not be waived as a matter of law. Rayamajhi understands and agrees that the General Release set forth in Paragraph 4 does not prohibit Rayamajhi from filing a charge or complaint with any government administrative agency (such as the EEOC or OSHA), however, Rayamajhi waives the right to receive any

5

individualized relief, such as reinstatement, backpay, or other damages, in a lawsuit or administrative action brought by a government administrative agency or third party on his behalf, except that he may receive and fully retain a monetary award from a government-administered whistleblower program.

5.    Dismissal of Lawsuit/Effective Date.    The Parties shall execute this Agreement and shall file the Joint Motion for Approval of Settlement Agreement and Proposed Order on or before September 29, 2017.  In the event that the Court does not approve the settlement as set forth in this Agreement, the Agreement shall be null and void, and the settlement funds shall be returned to the Company in accordance with Paragraph 1 of this Agreement.  Each party shall bear its own costs and expenses associated with this litigation, except as otherwise provided herein.

6.    No Pending or Future Actions.  Rayamajhi warrants that he has no actions pending against the Company, including but not limited to actions before any court, administrative agency, government agency, board, or commission other than 1:17-cv-01777-JFM.

7.    No Admission of Wrongdoing.   It is specifically understood that the settlement of Rayamajhi's claims shall not be construed as an admission by the Company of any violation of any law, or any federal, state or local statute or regulation, or of any duty owed by the Company to Rayamajhi, all of which the Company has expressly denied, but rather the Agreement is made so that the Parties can avoid the time, expense, and burden of litigation.

6

8.     Confidentiality and Non-Disclosure.   Rayamajhi shall not disclose the terms of this Agreement, or any documents that he obtained from the Company during the course of this dispute and the resolution of this dispute, to anyone except to say that the matter was resolved.

Notwithstanding this provision, Rayamajhi may apprise his family, attorneys and/or tax consultants of the terms of this Agreement.   If Rayamajhi is compelled to disclose matters covered by this Agreement pursuant to a valid subpoena, he will not be in violation of this paragraph.   In that event, however, Rayamajhi must provide reasonable notice of service of such a subpoena to the Company, through counsel, in order to allow the other party to move to quash the subpoena.

9.     Non-Disparagement.   Rayamajhi agrees not to disparage the integrity or business reputation of the Company.

10.     No Future Employment.   Rayamajhi agrees and recognizes that his employment with Polo Club, LLC is terminated and that Polo Club, LLC does have any contractual or other obligation to rehire, reemploy, or hire or employ him in the future, and Rayamajhi agrees not to seek reemployment or employment with Polo Club, LLC. In response to any reference inquiries from prospective employers of Rayamajhi, the Company agrees to only provide to prospective employers a neutral reference (*i.e.*, the dates of employment and the position held).

11.     Review and Revocation Period.   As required by the Older Workers' Benefits Protection Act and the Age Discrimination in Employment Act, Rayamajhi is advised of the following:

    (a)    Rayamajhi has up to twenty-one (21) days from receipt of this Agreement to consider, sign, and accept this Agreement, although he need not take the entire twenty-one (21) days.

    (b)    Rayamajhi has the right to revoke his acceptance of this Agreement within seven (7) days following the date on which he signs it. In the event that he decides to revoke his acceptance of this Agreement, he must provide written notice to: Mr. Bhupinder Singh, Ananda, 7421 Maple Lawn Road, Fulton, MD 20759, to be received *before* the eighth day after he signs this Agreement. The Parties expressly acknowledge and agree that this Agreement shall become effective upon the expiration of the seven (7) day revocation period.

    (c)    Rayamajhi is advised to consult with an attorney before signing this Agreement and, by his signature below, acknowledges that he has, in fact, consulted with his attorney.

    (d)    Rayamajhi's signature below shall signify that he has entered into this Agreement knowingly and voluntarily.

12.    <u>Governing Law</u>.  The laws of the State of Maryland shall govern this Settlement Agreement.

13.    <u>Unenforceability</u>.  The Parties agree that if any provision of this Agreement is found by a court of competent jurisdiction to be unenforceable, the enforceability of the remaining provisions will not be impaired.

14.    <u>Execution of Agreement.</u>  This Agreement may be executed in counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.

15.    <u>Complete Agreement.</u> The understandings set forth herein represent the complete agreement of the Parties and may not be altered or changed except by the mutual agreement of the Parties, evidenced in a writing signed by all parties and specifically identified as an amendment to this Agreement.

16.     Waiver.    The failure of the Company to enforce any term of this Agreement shall not constitute a waiver of any rights or deprive the Company of the right to insist thereafter upon strict adherence to that or any other term of this Agreement, nor shall a waiver of any breach of this Agreement constitute a waiver of any preceding or succeeding breach. No waiver of a right under any provision of this Agreement shall be binding on the Company unless made in writing and signed by the CEO of the Company.

17.     No Presumption Against Drafter.    This Agreement shall be construed without regard to any presumptions or other rule requiring construction against the party causing the Agreement to be drafted.

18.     Headings.    Section and other headings are inserted only as a matter of convenience and shall in no way interpret, define, limit or otherwise affect any of the provisions of this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties hereto have executed this Agreement.

By: _____
Polo Club, LLC t/a Ananda

Date: _____9/26/17_____

_____
Bhupinder Singh

Date: _____9/26/2017_____

_____
Dipak Rayamajhi

Date: 09/25/2017

#593944_2

9